**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>CHRISO'S TREE TRIMMING,<br><br>Defendant<br><br>&<br><br>MOUNTAIN F ENTERPRISES, INC.,<br><br>Intervenor Defendant | CASE NO. 1:20-CV-0132 AWI JLT<br><br>ORDER ON INTERVENOR DEFENDANT'S MOTION TO STAY OR DISMISS AND PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 12, 15) |

This is a declaratory judgment action brought by Plaintiff Navigators Insurance Co. ("Navigators") against its insured Defendant Chriso's Tree Trimming, Inc. ("Chriso"). Mountain F Enterprises, Inc. ("Mountain F") has intervened as a Defendant. Currently pending before the Court are Mountain F's motion to stay/dismiss (which was joined by Chriso) and Navigators's motion for summary judgment (which was stayed pending resolution of Mountain F's motion). For the reasons that follow, the motion to stay/dismiss will be granted and this case will be dismissed, and Navigators's motion for summary judgment will be denied without prejudice.

**FACTUAL BACKGROUND**

From the Complaint and Mountain F's motion, Pacific Gas & Electric ("PG&E") entered

into a tree, brush, and wood removal contract with Mountain F in April 2009.  Mountain F subsequently entered into a subcontractor agreement with Chriso, which provided that Chriso's work would be done for PG&E in accordance with contract between Mountain F and PG&E.

     On August 29, 2017, Chriso was performing tree removal in Madera County along Highway 41 in accordance with the subcontractor with Mountain F.  As Chriso was attempting to remove a tree, the tree accidentally fell the wrong direction and knocked down nearby powerlines.  Although Chriso employees were pulling the tree with ropes in the intended direction of fall, apparently supporting wood braces broke, causing the tree to fall in the wrong direction.  The powerlines came in contact with surrounding brush and started what became known as the "Railroad Fire."  The Railroad Fire was eventually contained on September 15, 2017, after 12,407 acres were burned and 7 structures and 7 homes were destroyed.

     Five subrogation lawsuits have been filed in Madera County Superior Court against Chriso and Mountain F by various insurance companies that paid for the damage caused by the Railroad Fire.  Also, the United States Forest Service has alleged damages against Mountain F and Chriso for fire suppression and reforestation costs and intangible environmental damages.  As part of a failed mediation in February 2020, the subrogation plaintiffs and the Forest Service made a joint policy limits demand to settle all claims against Chriso and Mountain F.  It appears that the total possible policy limits, which includes primary and excess policies issued to both Chriso and Mountain F, is $87 million.

     Chriso has a $1 million commercial general insurance policy through Wesco Insurance Company, a $3 million professional liability Insurance policy through Darwin Insurance Company (which has been deemed an excess policy in relation to Wesco), and a $9 million Commercial Excess Liability Policy ("the Policy") through Navigators.  Navigators has no obligation to pay claims on behalf of Chriso until all other insurance is exhausted.  The Policy contains a "Professional Services Endorsement" ("PSE Exclusion") that excludes coverage of "Professional services," which is defined through a list of 12 non-exclusive professions and services.  "Professional services" generally refers to activities involving specialized knowledge or skill that is predominantly mental or intellectual in nature rather than physical or manual.  According to

1  Navigators, despite the obvious physical nature/aspects of tree trimming, tree trimming actually
2  involves significant mental or intellectual skill and the labor involved has become increasingly
3  secondary with technological advances.  Pursuant to the PSE Exclusion, Navigators contends that
4  it has no duty to defend and no duty to indemnify Chriso and that an actual dispute and
5  controversy on that issue exists between itself and Chriso.
6          Navigators filed this declaratory judgment action on January 24, 2020.
7          On March 4, 2020, Mountain F filed a complaint for declaratory relief in the Sacramento
8  County Superior Court ("Sacramento Suit").  See Doc. No. 16-1.  Mountain F is the only Plaintiff,
9  but Chriso, Wesco Insurance Company, Hamilton Insurance Company, and Navigators are all
10 named as defendants in the Sacramento Suit.  See id.  In part, the Sacramento Suit alleges that
11 Chriso has a duty to defend and indemnify Mountain F, but Chriso refuses to pay Mountain F's
12 defense costs.  See id.  With respect to Navigators, the Sacramento Suit alleges that Mountain F is
13 an additional insured under the Policy, and that there is a dispute regarding Navigators's refusal to
14 provide coverage pursuant to the Policy.  See id.  The Sacramento Suit alleges that the PSE
15 Exclusion does not apply to any of the claims relating to the Railroad Fire because tree cutting and
16 tree felling are not similar to any of the 12 examples of "professional services."  See id.  The
17 Sacramento Suit alleges that Navigators's denial of coverage to Chriso was also an identical denial
18 of coverage to Mountain F and that Navigators's interpretation of the PSE Exclusion to claims
19 relating to the Railroad Fire is unreasonable.  See id.
20         On March 27, 2020, Chriso filed an answer to Navigator's Complaint.
21         On March 31, 2020, the Court approved a stipulation whereby Mountain F intervened in
22 this case as a Defendant.  The basis for the stipulated intervention was the contention by Mountain
23 F that it is an additional insured on the Policy.
24         On April 10, 2020, Navigators filed a motion for summary judgment.
25         On April 14, 2020, Mountain F filed this motion to stay (or alternatively to dismiss) the
26 case in light of the pending Sacramento Suit.
27         On April 15, 2020, Chriso joined Mountain F's motion.  See Doc. No. 18.  Chriso notes
28 that Mountain F is an additional insured under the Policy and that Navigators' claims of no duty to

1  defend and no duty to indemnify applies "with equal and identical force to [Mountain F].
2  Consequently, the facts and arguments [Mountain F] raises in its Motion for Stay are *identical* to
3  those that [Chriso] would raise in a similar motion." Id. (emphasis added).
4      On April 22, 2020, the Court stayed Navigators's motion for summary judgment pending
5  resolution of the motion to stay.
6
7  **<u>LEGAL STANDARD</u>**
8      Pursuant to the Declaratory Judgment Act, (28 U.S.C. § 2201) federal courts "may declare
9  the rights and other legal relations of any interested party" in a declaratory judgment action.  28
10 U.S.C. § 2201(a); R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011).  The
11 declaratory judgment act does not provide subject matter jurisdiction, and to obtain relief in
12 federal court, a plaintiff must show an independent basis for subject matter jurisdiction.  Stock
13 West, Inc. v. Confederated Tribes of Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  If
14 there is an independent basis for subject matter jurisdiction, two additional issues arise:  whether
15 the case is an actual case or controversy within the court's jurisdiction, and if so, whether the court
16 should exercise that jurisdiction over the matter.  Principal Life Ins. Co. v. Robinson, 394 F.3d
17 665, 669 (9th Cir. 2005); American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994).
18 With respect to the first issue, the case or controversy requirement is identical to Article III's case
19 or controversy requirement.  Robinson, 394 F.3d at 669; Kearns, 15 F.3d at 143.  "If a case is not
20 ripe for review, then there is no case or controversy, and the court lacks subject-matter
21 jurisdiction."  Robinson, 394 F.3d at 669; see Kearns, 15 F.3d at 143.  With respect to the second
22 issue, because of the Declaratory Judgment Act's permissive language, district courts have the
23 discretion to decline to exercise jurisdiction over the controversy, even though subject matter
24 jurisdiction is otherwise present, and dismiss a declaratory judgment action.  See R.R. St., 656
25 F.3d at 975; Huth v. Hartford Ins. Co., 298 F.3d 800, 802 (9th Cir. 2002).  The discretion to
26 decline to hear a declaratory action is not unfettered.  Government Employees Ins. Co. v. Dizol,
27 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc).  In determining whether a declaratory judgment
28 action is appropriate, "a district court is to consider a variety of factors, including whether

retaining jurisdiction would: (1) involve the needless determination of state law issues; (2) encourage the filing of declaratory actions as a means of forum shopping; (3) risk duplicative litigation; (4) resolve all aspects of the controversy in a single proceeding; (5) serve a useful purpose in clarifying the legal relations at issue; (6) permit one party to obtain an unjust res judicata advantage; (7) risk entangling federal and state court systems; or (8) jeopardize the convenience of the parties." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1107 (9th Cir. 2011) (citing Dizol, 133 F.3d at 1225 & n.5). The first three factors, known as the *Brillhart* factors,[1] are "the philosophic touchstone for the district court." Dizol, 133 F.3d at 1225. Further, "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." American Cas. Co. v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999); Dizol, 133 F.3d at 1225. "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically." Dizol, 133 F.3d at 1225.

## DEFENDANT'S MOTION

*Defendant's Motion*

Mountain F argues that the Court should stay or dismiss this matter because the relevant factors favor a stay. First, the Sacramento Suit is a parallel action that triggers a presumption in favor of a stay. The same issues and parties are involved in this case and the Sacramento Suit. Second, there are complex and unsettled issues of state insurance law raised by Navigators' motion. Whether Chriso was engaged in a "profession," whether Chriso's work is subject to the PSE Exclusion, and whether Navigators' Policy "follows form" to the underlying primary policy which provided coverage are all areas that require substantial interpretation to unique factual circumstances. Third, considerations of comity counsel in favor of a stay because there is a genuine risk of inconsistent judgment should both this case and the Sacramento Suit proceed. If this Court reached a decision first, it could have a *res judicata* effect on the Sacramento Suit.

---

[1] The *Brillhart* factors are derived from *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).

1 Fourth, this case is improperly "reactive" since Navigators filed suit only against Chriso and
2 withheld knowledge of this lawsuit and the denial of coverage from Mountain F, even though
3 Mountain F is an additional insured.  Fifth, the Sacramento Suit will provide comprehensive relief
4 with respect to all coverage disputes relating to the Railroad Fire.  This case did not settle during a
5 February 2020 mediation because Navigators and Hamilton Insurance denied all coverage.
6 Therefore, the Court should exercise its discretion and stay or dismiss this case.

*Plaintiff's Opposition*

Navigators argues that the relevant factors do not support staying or dismissing this lawsuit.  First, there are no unsettled issues of state law.  The issue is whether the PSE Exclusion applies to the claims relating to the Railroad Fire.  Many state and federal courts have analyzed and applied the professional services exclusions to a variety of jobs and professions.  Also, any arguments regarding the Policy as a "follow form" policy is misleading because Mountain F acknowledges in the Sacramento Suit that this is "shorthand parlance" and California courts know exactly how "follow form" policies like the Policy work.  Second, Mountain F has engaged in forum shopping.  This case was filed first, before Mountain F ever decided or even communicated its intent to file the Sacramento Suit.  Third, there is little to no risk of duplicative litigation. There is a summary judgment motion pending in this case and Navigators will move to stay the single claim against it in the Sacramento Suit once the Sacramento County Superior Court reopens from Covid-19 restrictions.  This will efficiently resolve the only dispute regarding the Policy. Fourth, there is no risk of entanglement between the federal and state systems because federal courts, including the Eastern District of California, have often interpreted professional services exclusions.  Finally, considerations of convenience favor exercising jurisdiction because this case is in a more advanced procedural setting.  Discovery is on-going and there is a pending motion for summary judgment.

*Discussion*

1.   Existence of Jurisdiction

No party challenges Navigators' invocation of diversity jurisdiction.  Chriso and Mountain F appear to be California corporations and Navigators is a New York corporation.  Further, the

1  Policy provides up to $9 million in excess coverage, and Chriso and Mountain F are facing tens of
2  millions of dollars in claims relating to the Railroad Fire, claims that appear to meet or exceed the
3  total insurance that is possibly available to Defendants.  Cf. Budget-Rent-a-Car, Inc. v.
4  Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997) (holding that in an action for declaratory relief
5  where "the applicability of . . . liability coverage for a particular occurrence is at issue, the amount
6  in controversy is the value of the underlying potential tort action.").  Because more than $75,000 is
7  at stake, and complete diversity exists between the parties, the Court concludes that it can exercise
8  diversity jurisdiction.  See Demarest v. HSBC Bank USA, N.A., 920 F.3d 1223, 1226 (9th Cir.
9  2019).

10  Further, no party disputes that there is a case or controversy.  The Ninth Circuit has held
11  that the ripeness requirement is met as to the duty to defend, as well as the duty to indemnify,
12  when there is on-going state court litigation, even if that state court litigation has not reached a
13  judgment.  See Kearns, 15 F.3d at 144; Aetna Cas. and Sur. Co. v. Merritt, 974 F.2d 1196, 1199
14  (9th Cir. 1992).  Therefore, given the pendency of the multiple state court subrogation cases
15  against Mountain F and Chriso, the Court concludes that Navigators' action is ripe.

16  Accordingly, the Court concludes that it has subject matter jurisdiction over this case.

17      2.    <u>Exercise of Jurisdiction</u>

18  As indicated above, courts are guided by eight factors in deciding whether to exercise
19  jurisdiction over a § 2201 declaratory judgment action.  See Herron, 634 F.3d at 1107.  The Court
20  will examine each factor separately.

21          a.    <u>Duplicative Litigation</u>

22  The issue in this case is whether application of the PSE Exclusion defeats any benefits
23  under the Policy relating to the Railroad Fire.  The conduct in question in this case is the actions of
24  Chriso that caused the fire and Navigators's denial of any benefits through invocation of the PSE
25  Exclusion.  Further, though its joinder, Chriso is making the identical arguments as Mountain F in
26  this case.  Thus, although Chriso is a defendant in the Sacramento Suit, Chriso is arguing that the
27  same issues involved in this case are pending in the Sacramento Suit.  Navigators is correct that
28  the Sacramento Suit as a whole is broader than this case because that suit also involves coverage

1 disputes with insurance companies other than Navigators.  Nevertheless, the only claim/issues
2 against Navigators in the Sacramento Suit is whether the PSE Exclusion defeats any claim for
3 benefits relating to the Railroad Fire, and the conduct in question is the actions of Chriso that
4 caused the fire and Navigator's denial of any benefits because of the PSE Exclusion.  Thus,
5 although other parties and coverage issues are involved in the Sacramento Suit, the only issues in
6 the Sacramento Suit as between Navigators, Chriso, and Mountain F are identical to the issues
7 raised in this case.

8 Navigators argues that there is no real risk of duplicative litigation because this case will
9 be resolved much sooner than the Sacramento Suit.  The Court admits that this is a possibility
10 (albeit one dependent on several contingencies), but that point does not actually address the
11 duplicative nature of the Sacramento Suit.  The pertinent question is whether the same parties and
12 the same issues are pending in the state case as the federal case, not whether the federal case will
13 resolve the duplicative issues first.  See Dizol, 133 F.3d at 1225.

14 Because the same issues involving the same parties in this case are pending in the
15 Sacramento Suit, the Court finds that this case is duplicative of the Sacramento Suit.  The
16 similarities are such that the Court concludes that this case and the Sacramento Suit are "parallel
17 cases" under *Dizol*, which means that the "presumption that the entire suit should be heard in state
18 court" applies.  Krieger, 181 F.3d at 1118; Dizol, 133 F.3d at 1225.

19                 b.        Needless Determination of State Law Issues

20 This factor generally focuses on disputes concerning unsettled or novel issues of state law,
21 as opposed to factual disputes.  See Allstate Ins. Co. v. Davis, 430 F.Supp.2d 1112, 1120 (D. Haw.
22 2006).  However, even if there is "no great need" for the resolution of open state law question, the
23 resolution of generally settled state law issues may be sufficient to justify dismissal.  See Huth,
24 298 F.3d at 804.

25 The overarching issue of state law that the Court will have to resolve is whether
26 application of the PSE Exclusion applies to defeat any benefits under the Policy relating to the
27 Railroad Fire.  The Court is unaware of any cases that have addressed the application of a
28 professional services exclusion to tree trimming or tree felling.  However, determining the

application of a professional services exclusion is not an uncommon task for courts to undertake. See Energy Ins. Mut. Ltd. v. Ace American Ins. Co., 14 Cal.App.5t h 281, 293 (2017); Tradewinds Escrow v. Truck Ins. Exch., 97 Cal.App.4th 704, 713 (2002).  To determine whether "tree trimming" is subject to the PSE Exclusion, the Court would be following established California law regarding insurance contract interpretation, see generally Montrose Chemical Corp. v. Superior Ct., 6 Cal.4th 287 (1993), with a particular emphasis on cases that analyze professional services exclusions.  There is nothing particularly novel or unsettled about such a process.

Although no novel or complex issues of state law are at stake, the same issues in this case are pending in the Sacramento Suit.  Were the Court to retain jurisdiction in this matter, the Court would be applying settled California law principles in the same manner as the Sacramento Superior Court.  Two courts applying the same settled principles to the same issues/questions represents a needless determination of state law questions.  Cf. Huth, 298 F.3d at 804.  Therefore, despite the absence of novel questions of California law, the Court concludes that this factor under the circumstances of this case weighs against retaining jurisdiction.[2]

        c.      Forum Shopping

In insurance coverage disputes, "forum shopping" refers to an insurer "filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." Krieger, 181 F.3d at 1119; see also Scottsdale Indem. Co. v. Yamada, 2019 U.S. Dist. LEXIS 4963, *9 (E.D. Cal. Jan. 9, 2019).  Further, federal courts "should generally decline to entertain reactive declaratory actions." R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 976 (9th Cir. 2011).  "A 'reactive' or 'defensive' declaratory judgment action is typically a diversity federal action commenced by an insurer that has already been sued in state

---

[2] The Court notes that Mountain F's reply argues for the first time that this case involves an unsettled issue of state law, namely the interplay between the PSE Exclusion and a provision for completed operations coverage. Mountain F. cites *North Counties Eng'g Inc. v. State Farm Gen. Ins. Co.*, 224 Cal.App.4th 902 (2014) in support of its assertion that novel issues are involved. Navigators responded in a sur-reply and addressed *North Counties*. The Court declines to consider either Mountain F's argument or Navigators' sur-reply for two reasons. First, the issue is procedurally improper. The sur-reply was unauthorized and Mountain F's argument was made for the first time in a reply, even though it could have well been made as part of the moving papers. Second, addressing *North Countries* will not change the result. If the Court agrees that *North Countries* shows this case involves unsettled issues of state law, that would support declining jurisdiction. If the Court finds that *North Countries* does not show that this case involves unsettled law, the Court's analysis of this factor would remain the same.

court, either by the injured third party or the insured." State Farm Mut. Auto. Ins. Co. v. Marentes, 2015 U.S. Dist. LEXIS 152834, *18 (N.D. Cal. Nov. 10, 2015); Allstate Ins. Co., 430 F.Supp.2d at 1120; National Chiropractic Mut. Ins. Co. v. Doe, 23 F.Supp.2d 1109, 1107 (D. Ak. 1998). Here, the case at bar was filed prior to any state court case against Navigators. Therefore, Navigators did not engage in forum shopping, and this factor weighs in favor of retaining jurisdiction.

### d. Resolve All Aspects of the Controversy

The only controversy reflected in the Complaint is whether application of the PSE Exclusion results in the denial of all possible Policy benefits to Chriso and Mountain F in relation to the Railroad Fire. This case will resolve that dispute between Navigators, Mountain F, and Chriso. However, the same analysis applies to the Sacramento Suit. The Sacramento Suit will also resolve all aspects of the controversy between Navigators, Mountain F, and Chriso. The Court cannot hold that this factor materially favors retaining jurisdiction.

### e. Clarifying the Legal Relations at Issue

Retaining jurisdiction will clarify legal relations between the parties because it will determine whether the PSE Exclusion excuses Navigators from defending and/or indemnifying Chriso and Mountain F. Again, however, the same analysis would apply to the Sacramento Suit. The Sacramento Suit will also determine whether the PSE Exclusion applies in relation to any duties owed by Navigators to Mountain F and Chriso. The Court cannot hold that this factor materially favors retaining jurisdiction.

### f. Unjust Res Judicata Advantage

Based on the arguments presented, the Court does not detect any unjust *res judicata* advantage that may result from this case proceeding. There are state and federal parallel cases proceeding. Whichever case were to finish first would likely have a *res judicata* effect on the other because identical issues are pending in both cases. However, that is a possibility inherent with the dual state and federal systems, and there is nothing that is per se unjust about one case having a *res judicata* effect on the other. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1151 (9th Cir. 2007). This is not a situation in which the Court's resolution of the PSE Exclusion

would affect the substantive merits of any of the subrogation lawsuits or the claims of the Forest Service.  Cf. Atain Specialty Ins. Co. v. Slocum, 2019 U.S. Dist. LEXIS 218433, *22-*23 (E.D. Cal. Dec. 18, 2019).  The Court finds that this factor weighs in favor of retaining jurisdiction.

### g.   Entangling Federal and State Court Systems

Mountain F does not adequately explain how retaining jurisdiction in this case would constitute an undesirable entanglement of the Federal and California court systems.  Federal courts often entertain declaratory actions between insurers and insureds.  Therefore, this factor weighs in favor of the Court retaining jurisdiction.

### h.   Jeopardize the Convenience of the Parties

Neither party adequately addresses this factor.  Further, the nature of the legal dispute is such that it could likely be resolved through cross-motions for summary judgement and without the need for extensive discovery or a jury trial.  Therefore, in the absence of any arguments by the parties that actually addresses this consideration, the Court will assume that no party is materially inconvenienced by the Court retaining jurisdiction.

### i.   Conclusion

The Court must examine a number of factors to determine whether to exercise jurisdiction over a § 2201 declaratory action.  In this case, however, there is a presumption that applies.  The presumption is that this Court should not retain jurisdiction because the Sacramento Suit is a "parallel case" that involves the same parties and same issues (although other parties and issues are also part of the Sacramento Suit).  While there are some considerations that weigh in favor of the Court retaining jurisdiction, the Court cannot conclude that those considerations are so weighty that they overcome the presumption against retaining jurisdiction.  Therefore, because the same issues and same parties are proceeding in a parallel state court case, the Court will decline to exercise jurisdiction over this declaratory judgment action.

Mountain F requests that the Court either stay or dismiss this case.  Because the applicability of the PSE Exclusion in the Policy is pending in the Sacramento Suit, there is no benefit apparent to staying this matter.  The Sacramento Superior Court and the California court system is perfectly able to resolve the dispute of California law between Navigators, Chriso, and

Mountain F.  Therefore, the Court will dismiss this case and deny Navigators's motion for summary judgment without prejudice to refiling in the Sacramento Suit.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Intervenor-Defendant Mountain F's motion to stay or dismiss (Doc. No. 15) is GRANTED and this matter is DISMISSED;
2. Plaintiff's motion for summary judgment (Doc. No. 12) is DENIED without prejudice to refiling in the Sacramento Suit; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   July 22, 2020                                          _____
                                                                                      SENIOR  DISTRICT  JUDGE